IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CR-4-D
No. 7:20-CV-117-D

| | | |
|---|---|---|
| JEREL LEON JORDAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On June 21, 2020, Jerel Leon Jordan ("Jordan" or "petitioner"), represented by counsel, moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) [D.E. 84] and filed a memorandum in support [D.E. 85]. On October 1, 2020, the court stayed the action pending additional appellate proceedings in United States v. Gary, 954 F.3d 194 (4th Cir. 2020). See [D.E. 90]. The government moves to lift the stay and dismiss Jordan's motion [D.E. 92] and filed a memorandum in support [D.E. 93]. Jordan did respond in opposition, and the time within which to do so has expired. As explained below, the court lifts the stay, grants the government's motion to dismiss, dismisses Jordan's section 2255 motion, and denies a certificate of appealability.

I.

On December 28, 2016, following an extensive investigation of Jordan over several months, law enforcement agents from the Bureau of Alcohol, Tobacco and Firearms and the Elizabeth City Police Department executed a search warrant on Jordan's residence, where they discovered a .45 caliber semi-automatic pistol, 381 grams of crack cocaine, 22 grams of powder cocaine, $2,167 in

U.S. currency, and various items of paraphernalia used to package and weigh cocaine. See [D.E. 1, 23, 24, 26]; PSR [D.E. 64] ¶¶ 9–13. The agents arrested Jordan, advised him of his Miranda rights, and Jordan knowingly waived them. See Trial Tr. [D.E. 76] 15. Jordan then made a statement indicating that he "bought the gun from a guy on the streets" following a break-in at his residence. Id. at 17.

Jordan moved to suppress the evidence seized in the search [D.E. 24]. On June 29, 2017, the court conducted a hearing and denied the motion to suppress [D.E. 42, 44, 74]. Before trial, Jordan signed a stipulation that before the date of the search and his arrest, he "had been convicted of a felony in the State of North Carolina, that is, a crime punishable by a term of imprisonment exceeding one year, and that [his] right to possess a firearm had not been restored." [D.E. 54] ¶ 8; see PSR ¶ 26 (noting Jordan's 2013 North Carolina conviction for possession of a firearm by a convicted felon). At trial, Jordan "d[id] not contest factual guilt[,]" but "entered a not guilty plea and requested a bench trial to preserve a constitutional suppression issue[.]" Trial Tr. [D.E. 76] 5. On December 1, 2017, following a bench trial, the court convicted Jordan of possession with intent to distribute 28 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(b)(1)(B) (count one); possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) (count two); and possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (count three). See [D.E. 26, 53, 56, 68, 76].

On May 7, 2018, the court held a sentencing hearing and adopted the facts as set forth in the Presentence Investigation Report ("PSR"). See [D.E. 67, 68, 78]. After resolving Jordan's objections, the court calculated Jordan's total offense level to be 31, his criminal history category to be III, and his advisory guideline range to be 135 to 168 months' imprisonment on count one, 120 months' imprisonment on count three, and five years' consecutive imprisonment on count two. See

2

[D.E. 78] 5–12. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Jordan to 135 months' imprisonment on count one, 120 months' concurrent imprisonment on count three, and 60 months' consecutive imprisonment on count two, for a total sentence of 195 months' imprisonment. See [D.E. 68]; [D.E. 78] 19–23. Jordan appealed [D.E. 70]. On May 22, 2019, the United States Court of Appeals for the Fourth Circuit affirmed the court's denial of Jordan's pretrial motion to suppress. See United States v. Jordan, 774 F. App'x 119, 122 (4th Cir.) (per curiam) (unpublished), cert. denied, 140 S. Ct. 580 (2019).

Jordan argues that his conviction on count three is invalid due to Rehaif v. United States, 139 S. Ct. 2191 (2019), because "the Government did not prove, and the trier of fact did not find, Mr. Jordan guilty of all necessary elements." [D.E. 84] 5; see Mem. Supp. 2255 Mot. [D.E. 85] 1–3. The government disagrees and asks the court to dismiss the motion as procedurally defaulted, or alternatively for failure to state a claim. Mem. Supp. Mot. Dismiss [D.E. 93] 1–2.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551

3

U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

On direct appeal Jordan failed to raise any claim concerning the sufficiency of the allegations in the indictment or the evidence presented at trial to sustain his conviction on count two. Thus, the general rule of procedural default bars Jordan from presenting this claim under section 2255. See, e.g., Bousley v. United States, 523 U.S. 614, 621–22 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Jordan has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged error. See Greer v. United States, 141 S. Ct. 2090, 2097–98 (2021); United States v. Parks, 857 F. App'x 775, 776 (4th Cir. 2021) (per curiam) (unpublished); United States v. Caldwell, 7 F.4th 191, 213 (4th Cir. 2021); see, e.g., Bousley, 523 U.S. at 622–24; United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 493–95 (4th Cir. 1999). Thus, the court dismisses Jordan's claim. Alternatively, the claim fails. See, e.g., Greer, 141 S. Ct. at 2097–98; PSR ¶ 26.

After reviewing the claim presented in Jordan's motion, the court finds that reasonable jurists would not find the court's treatment of Jordan's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 92], DISMISSES Jordan's section 2255 motion [D.E. 84], and DENIES a certificate of appealability.

SO ORDERED. This 15 day of December, 2021.

JAMES C. DEVER III
United States District Judge